Robert K. Stewart, Jr.
Davis Wright Tremaine LLP
701 West 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399

Attorneys for Plaintiff Geo-Seis Helicopters, Inc.

FILED
MAR - 9 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GEO-SEIS HELICOPTERS, INC., ) | |
| Plaintiff, ) | |
| vs. ) | |
| THE UNITED STATES, ) | 07-155-C |
| Defendant. ) | Case No. _____ |

## COMPLAINT

COMES NOW plaintiff Geo-Seis Helicopters, Inc., by and through its attorneys, Davis Wright Tremaine LLP, and for its complaint against defendant United States, alleges as follows:

### I. PARTIES

1. Plaintiff Geo-Seis Helicopters, Inc. ("Geo-Seis") is a corporation organized under the laws of the State of Colorado, with its principal place of business located at Fort Collins, Colorado.

2. Defendant is the United States. The specific agency of the United States involved in this action is the United States Navy, Military Sealift Command ("MSC").

## II. JURISDICTION

3. Jurisdiction is appropriate in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1491(b).

## III. FACTUAL ALLEGATIONS

4. On May 20, 2005, MSC issued Solicitation No. N00033-05-R-1004 ("Solicitation") for Commercial Helicopter Vertical Replenishment Services.

5. On June 30, 2005, MSC issued Amendment No. 2 to the Solicitation pursuant to which initial proposals were due at 2:00 p.m. EDT on July 14, 2005.

6. On information and belief, Presidential Airways, Inc. ("Presidential") failed to submit a proposal on or before the time and date established in Amendment No. 2. Geo-Seis submitted a proposal by the deadline established in Amendment No. 2.

7. At some time after 2:00 p.m. EDT on July 14, 2005, MSC issued Amendment No. 4 to the Solicitation which extended the deadline for submission of initial offers from 2:00 p.m. EDT to 4:00 p.m. EDT on July 14, 2005.

8. On October 27, 2005, MSC issued Amendment No. 5 to the Solicitation which converted the Solicitation into a 100% small business set aside.

9. On March 3, 2006, MSC issued Amendment No. 7 to the Solicitation which amended 2.0 Support Concept and Experience to add that proposers would be evaluated

on their ability to provide "[c]urrent CARB Approval for Rotary Wing Aircraft or realistic plan to obtain CARB approval within 6 months after award." The CARB is the Commercial Airlift Review Board which administers the Air Mobility Command ("AMC") regulations.

10. On March 14, 2006, MSC issued Amendment No. 8 to the Solicitation which established the deadline for submission of final proposal revisions as March 22, 2006, at 2:00 p.m. EST.

11. Presidential's final proposal revision was not received by MSC by that time and date. Instead, Presidential's final proposal revision was received by MSC's mailroom at 2:30 p.m. EST on March 22, 2006. Geo-Seis submitted its final proposal revision by the deadline established in Amendment No. 8.

12. On March 22, 2006, at 2:36 p.m. EST, MSC issued Amendment No. 9 to the Solicitation which changed the deadline for final proposal revisions to March 23, 2006, at 11:00 a.m. EST. Amendment No. 9 was issued at a point in time when Presidential's first final proposal revision was already late. MSC offered the following justification for the issuance of Amendment No. 9:

> In order to obtain maximum competition for this unique requirement, it is determined that it is in the best interest of the Government to extend the closing date and time for submission of FPR's. This extension will not unduly delay the acquisition.

13. On May 3, 2006, MSC sent Presidential and other proposers an e-mail with an attached discussion item which stated, in relevant part, as follows:

COMPLAINT    3
ANC 117272v1 0082826-000001

Proposal must have a statement or contain documentation that wages, fringes and benefits have been discussed with all key personnel proposed under the contract. Are they currently employees of the company? If so, please state such. If not, please insure documentation is submitted that addresses this issue.

14. On August 4, 2006, MSC issued Amendment No. 10 to the Solicitation which established the deadline for the second round of final proposal revisions as August 15, 2006, at 2:00 p.m. EDT.

15. Presidential's second final proposal revision was not received by MSC by that time and date. Instead, Presidential's second final proposal revision was received by MSC's mailroom at 2:30 p.m. EST on August 15, 2006. Geo-Seis submitted its second final proposal revision by the deadline established in Amendment No. 10.

16. On August 15, 2006, at 2:29 p.m. EDT MSC issued Amendment No. 12 to the Solicitation which changed the deadline for second final proposal revisions to August 15, 2006, at 4:00 p.m. EDT. Amendment No. 12 was issued at a point in time when Presidential's second final proposal revision was already late. MSC offered the following justification for the issuance of Amendment No. 12:

> This amendment was issued in order to promote greater competition. This amendment was issued in order to allow for the maximum competition among all offerors who remain in the competitive range. Issuing this amendment is in the best interest of the Government.

17. On September 13, 2006, MSC's Technical Evaluation Committee issued its Technical Evaluation Report for Final Proposals ("Technical Evaluation").

18. On an undisclosed date between September 13 and September 25, 2006,

COMPLAINT   4
ANC 117272v1 0082826-000001

MSC's Source Selection Authority ("SSA") issued his Source Selection Decision Document ("SSDD") determining that award to Presidential represented the best value to the United States and recommending award to Presidential under the Solicitation.

19.  On October 4, 2006, MSC issued a notice to Geo-Seis and other proposers that Presidential was the apparent successful offeror under the Solicitation and was a small business.

20.  On October 7, 2006, Geo-Seis protested the determination that Presidential was a small business on the ground that Presidential and its affiliated companies employed more than 1,500 employees.

21.  On November 2, 2006, the Area III Office of the Small Business Administration ("SBA") issued Size Determination No. 3-2007-3-4-5, finding that Presidential was a small business for purposes of the Solicitation.

22.  On November 3, 2006, Geo-Seis timely appealed Size Determination No. 3-2007-3-4-5 to the SBA Office of Hearings and Appeals ("OHA").

23.  On November 9, 2006, MSC issued notice to Geo-Seis and other proposers that it had awarded a contract to Presidential pursuant to the Solicitation. Geo-Seis was prejudiced by the award of the contract under the Solicitation to Presidential.

24.  On December 1, 2006, the OHA issued an Order Denying Motion for Extension of Time which, among other things, found that Geo-Seis "did not raise the issue of the counting of the contractor personnel" on appeal and that Geo-Seis had,

Davis Wright Tremaine LLP
LAW OFFICES
Suite 800 · 701 West 8th Avenue
Anchorage, Alaska 99501
(907) 257-5300 · Fax: (907) 257-5399

therefore, abandoned that issue.

25. On December 7, 2006, the OHA issued an Order Dismissing Appeal holding that Geo-Seis' appeal was an untimely NAICS code appeal.

26. On December 21, 2006, Geo-Seis moved for reconsideration of that portion of the Order Denying Motion for Extension of Time which found that it had abandoned the "counting of the contractor personnel" issue on appeal.

27. On January 25, 2007, the OHA denied Geo-Seis' motion for reconsideration of the Order Denying Motion for Extension of Time and of the finding that Geo-Seis had abandoned the "counting of the contractor personnel" issue on appeal.

## IV. CLAIMS

28. MSC's acceptance of Presidential's untimely initial proposal, first final proposal revision and second final proposal revision were in violation of applicable law, including FAR § 52.215-1 which was incorporated by reference in the Solicitation.

29. MSC's best value determination in the SSDD was arbitrary, capricious, an abuse of discretion and otherwise without a reasonable basis as to a) the tradeoff the SSA made between Presidential's price and Geo-Seis' past performance, b) the SSA's failure to recognize and discuss the differences between Geo-Seis' and Presidential's technical proposals as reflected in the Technical Evaluation, and c) the SSA's failure to perform a tradeoff determination which considered all of the differences between Geo-Seis' and Presidential's proposals in a cumulative manner.

30. MSC's implicit determination that Presidential submitted adequate documentation that wages, fringes and benefits had been discussed with all of its key personnel was arbitrary, capricious, an abuse of discretion and otherwise without a reasonable basis.

31. MSC's implicit determination that at least 50 percent of the cost of the personnel component of Presidential's contract performance would be expended for employees was arbitrary, capricious, an abuse of discretion and otherwise without a reasonable basis.

32. MSC's determination that Presidential submitted a realistic plan to obtain CARB approval within six months of contract award was arbitrary, capricious, an abuse of discretion and otherwise without a reasonable basis.

33. MSC's evaluation of Presidential's Past Performance and the technical evaluation sub-subfactors of Personnel Plan, Quality Assurance Plan and Safety Plan was arbitrary, capricious, an abuse of discretion and otherwise without a reasonable basis.

34. MSC's inclusion of NAICS code 481212, Nonscheduled Chartered Freight Air Transportation, in the Solicitation instead of 481212 *EXCEPT*, Offshore Marine Air Transportation Services, was arbitrary, capricious, an abuse of discretion and in violation of applicable law. Had MSC utilized the correct NAICS code, Presidential would have been disqualified because it and its affiliate organizations have in excess of $23,500,000.00 in annual receipts.

35. The SBA's determination that Presidential was a small business under NAICS code 481212, Nonscheduled Chartered Freight Air Transportation, was arbitrary, capricious, an abuse of discretion and in violation of applicable law because Presidential and its affiliate organizations employ more than 1,500 employees.

## V. PRAYER FOR RELIEF

NOW, WHEREFORE, Geo-Seis prays for judgment against the United States as follows:

A. For entry of a temporary restraining order and/or preliminary and permanent injunctions directing MSC to stay performance of and to terminate any and all contracts entered into with Presidential pursuant to the Solicitation;

B. For an award of damages in an amount to be proven at trial for Geo-Seis' bid preparation costs;

C. For the recovery of Geo-Seis's reasonable costs and attorneys' fees incurred in prosecuting this action; and

D. For such other and further relief as the Court may deem to be just and equitable under the premises.

Dated this 9th day of March, 2007.

          Davis Wright Tremaine LLP
          Attorneys for Plaintiff
          Geo-Seis Helicopters, Inc.

By: _/s/ Robert K. Stewart, Jr._
     Robert K. Stewart, Jr.
     701 W 8th Avenue, Suite 800
     Anchorage, Alaska 99501
     Phone: (907) 257-5300
     Fax: (907) 257-5399
     bobstewart@dwt.com
     Alaska Bar No. 8506082