**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| GEO-SEIS HELICOPTER, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES, | ) | Civil Action No. 07-155 |
| Defendant, | ) | (Judge Lettow) |
| and | ) | |
| PRESIDENTIAL AIRWAYS, INC., | ) | |
| Defendant-Intervenor. | ) | |

**Motion to Dismiss the Plaintiff's**
**Small Business Size Claims or in the Alternative,**
**Motion for Partial Summary Judgment**

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), Presidential Airways, Inc. ("Presidential"), moves to dismiss, in part, the Plaintiff's complaint, specifically, the allegations set forth in paragraphs 34 and 35 of the complaint. In the alternative, Presidential moves for summary judgment on these same claims pursuant to RCFC 56(b).

**DISCUSSION**

The Complaint contains two allegations relating to small business size determination issues:

> 34. [The Military Sealift Command's ("MSC")] inclusion of NAICS code 481212, Nonscheduled Chartered

> Freight Air Transportation, in the Solicitation instead of 481212 EXCEPT, Offshore Marine Air Transportation Services, was arbitrary, capricious, an abuse of discretion and in violation of applicable law. Had MSC utilized the correct NAICS code, Presidential would have been disqualified because it and its affiliate organizations have in excess of $23,500,000.00 in annual receipts.
>
> 35. The SBA's determination that Presidential was a small business under NAICS code 481212, Nonscheduled Chartered Freight Air Transportation, was arbitrary, capricious, an abuse of discretion and in violation of applicable law because Presidential and its affiliate organizations employ more than 1,500 employees.

Complaint at 7-8. Each of these allegations is ripe for dismissal. First, as found by the Small Business Administration ("SBA") Office of Hearings and Appeals ("OHA"), the Plaintiff failed to challenge the NAICS code specified in the Solicitation in a timely manner, rendering that NAICS code "final" under the applicable regulations. Because the selection of the NAICS code is "final" and there is no remedy this Court can provide, the Plaintiff's claim in paragraph 34 of the complaint is non-justiciable or, in the alternative, has been waived by the Plaintiff. Second, as found by OHA, Plaintiff also failed to timely appeal the SBA Area Office's size determination to OHA. Therefore, Plaintiff failed to exhaust its administrative remedies, which is a requirement under the applicable regulations. Even assuming, *arguendo,* that Plaintiff timely appealed the SBA Area Office's size determination, Plaintiff's disagreement with the SBA's size determination must be dismissed as a non-justiciable issue because, similar to the NAICS code, there is no remedy this Court may provide, because the award was made before the appeal was taken.

## A. Standard of Review

A motion to dismiss under RCFC 12(b)(6) is proper when, accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiff, the plaintiff can prove no set of facts that would entitle it to legal relief. *Night Vision Corp. v. United States*, 68 Fed. Cl. 368, 378 (2004). In deciding a summary judgment motion, the Court looks to proffered facts and "may only grant summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law" *Id.* at 377-78.

## B. Plaintiff's Challenge to the NAICS Code is Non-Justiciable or Alternatively has Been Waived

In paragraph 34 of the complaint, Plaintiff challenges the designation of the NAICS code in the original Solicitation No. N00033-05-R-1004 ("Solicitation"). However, by failing to timely raise that allegation, the NAICS code determination becomes "final" under the applicable regulations, rendering this claim non-justiciable. Alternatively, under precedent of this Court, the Plaintiff waived that allegation by not timely appealing the NAICS code determination prior to the closing time for submission of proposals.

On May 20, 2005, MSC issued the Solicitation. Complaint at 2, ¶ 4. The Solicitation specified NAICS code 481212, Nonscheduled Chartered Freight Air Transportation. *Id.* at ¶ 34; *see also* RFP, p. 66 (Exhibit 1, Part 3 of 5, to Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order). The regulations state that the NAICS code assigned to a procurement and its corresponding "size standard" are final unless appealed to the SBA's Office of

Hearings and Appeals within 10 calendar days from the initial issuance of the solicitation. *See* 13 C.F.R. § 121.402(c), 13 C.F.R. § 121.1103(b)(1). This is "an administrative remedy that must be exhausted before judicial review . . . may be sought in a court." 13 C.F.R. § 121.1102. "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C.Cir.1990) (citing *McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969)).

As found by the OHA, Plaintiff did not timely appeal the Solicitation's NAICS code. Plaintiff first raised this issue in its appeal to OHA, after the Area Office size determination and well after the submission of proposals. OHA Order Dismissing Appeal, Dec. 7, 2006, at 2 (Exhibit 2). On December 7, 2006, the OHA dismissed the Plaintiff's challenge to the Solicitation's NAICS code, finding that the challenge to the NAICS code was untimely because it could have and should have been raised in a NAICS code appeal filed within 10 days after the issuance of the Solicitation, pursuant to 13 C.F.R. § 121.1103(b)(1). *Id.* at 3. In its decision, the OHA stated that "the size standard issue is grossly untimely" because "Appellants waited to challenge this NAICS code designation and size standard in their appeals of the size determination, long after time had expired to file NAICS code appeals." *Id.* (emphasis added). Therefore, under the applicable regulations, the NAICS code in the Solicitation becomes "final" and conclusive. Because the NAICS code is final

under the applicable law, this issue is not justiciable as there is no remedy that the Court can grant. *Mercer v. United States*, 52 Fed. Cl. 718, 723 (2002) (holding that even where a court possesses jurisdiction to hear a claim, it may not do so where the claim presents a non-justiciable controversy; in other words, where the court lacks the "ability to supply relief."); *see also Chapman Law Firm v. United States*, 63 Fed. Cl. 25, 35 (2004).

Furthermore, under this Court's precedent, when a plaintiff fails to challenge the terms of a solicitation before submitting its proposal, it waives the right to contest those terms. *See Aerolease Long Beach v. United States*, 31 Fed. Cl. 342, 358 (1994), *aff'd*, 39 F.3d 1198 (Fed. Cir. 1994) (unpubl.); *see also Bannum, Inc. v. United States*, 60 Fed. Cl. 718, 726 (2004). The NAICS code and corresponding size standard were apparent on the face of the Solicitation and Plaintiff failed to object until well after it submitted its proposal and learned of award to Presidential. Therefore, Geo-Seis has waived its right to object to the NAICS code designation.

### C. The Plaintiff Waived its Challenge to Presidential's Size Determination because it Failed to Appeal that Determination to the OHA

The only issue that Plaintiff appealed to OHA after the SBA Area Office's size determination was the issue of the NAICS code designation. Geo-Seis Appeal Petition (Exhibit 4). As such, the Plaintiff abandoned the issue of whether Presidential met the Solicitation's 1,500 employee size standard by failing to exhaust its administrative remedies. OHA Decision on Reconsideration, Jan. 25, 2007, at 4-5 (Exhibit 3). Therefore Plaintiff waived the right to argue this issue

before this Court. As noted above, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (citing *McKart v. United States*, 395 U.S. 185, 194, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969)).

Here, in the case of size determinations, exhaustion of administrative remedies is an express requirement. Specifically, 13 CFR § 1101(a) provides:

> Appeals from formal size determinations may be made to OHA. Unless an appeal is made to OHA, the size determination made by a SBA Government Contracting Area Office or Disaster Area Office is the final decision of the agency. The procedures for appealing a formal size determination to OHA are set forth in part 134 of this chapter. The OHA appeal is an administrative remedy that must be exhausted before judicial review of a formal size determination may be sought in a court.

Because Plaintiff failed to appeal its size determination to OHA, it has failed to exhaust it administrative remedies as required by SBA regulations. Thus, the Plaintiff's request for this Court's review must be dismissed.[1]

---

1 Although there are some early cases in which a Court held that exhaustion is not required, (*see, e.g., Hawpe Contr., Inc. v. United States*, 46 Fed. Cl. 571, 576 (2000) *DSE, Inc. v. United States,* 169 F.3d 21, 27 (D.C. Cir. 1999)); the regulations have since been amended to require exhaustion. 67 Fed. Reg. 47245 (July 18, 2002).

### D. The Challenge to Presidential's Size Status is Not a Justiciable Issue

Even assuming the Plaintiff exhausted its administrative remedies regarding the challenge to Presidential's size status, like the claim regarding the NAICS code, this claim must also be dismissed because the issue is not justiciable as there is no remedy that the Court can grant.

At the SBA Area Office, Plaintiff challenged the determination that Presidential was a small business under the Solicitation's 1,500 employee size standard. Complaint at 5, ¶ 20. That protest was denied when the SBA Area Office concluded that Presidential was a small business for the purposes of the Solicitation. *Id.* at ¶ 21. Thereafter, Presidential was awarded the contract. *Id.* at ¶ 23. The contract at issue in this protest was awarded to Presidential on November 2, 2006. Contract Award (Exhibit 1). Even assuming that Plaintiff timely appealed the size determination to the OHA, which it did not, the Plaintiff filed its appeal at OHA (challenging the NAICS code only) no earlier than November 3, 2006, the day after contract award. Complaint at 5, ¶ 22 (stating that Geo-Seis appealed the size determination to OHA on November 3, 2006); *see also* OHA Order Dismissing Appeal at 1 (Exhibit 2) (stating that Geo-Seis appealed the size determination to OHA on November 6, 2006); *see also* Geo-Seis Appeal Petition (Exhibit 4) (Certificate of Service states that appeal filed with the OHA on November 4, 2006). As such, under any scenario, the contract was executed prior to appeal.

FAR 19.302(g)(2) provides

> The SBA Government Contracting Area Director, or designee, will determine the small business status of the questioned bidder or offeror and notify the contracting officer and the bidder or offeror of the determination. Award may be made on the basis of that determination. <u>This determination is final unless it is appealed in [to OHA], and the contracting officer is notified of the appeal before award</u>. If an award was made before the time the contracting officer received notice of the appeal, the contract shall be presumed to be valid.

Because the contract award was made <u>prior</u> to the appeal and notification of the contracting officer, the determination of Presidential's size for the purposes of this procurement "is final."

Even where a court possesses jurisdiction to hear a claim, it may not do so where the claim presents a non-justiciable controversy; in other words, where the court lacks the "ability to supply relief." *Mercer v. United States*, 52 Fed. Cl. 718, 723 (2002). Even assuming the Plaintiff properly appealed the SBA Area Office's size determination, the effect of any new size determination would be limited to future procurements, and could have no effect on the procurement at issue. Because a decision on the merits would not affect the award of the contract at issue, this Court would be unable to supply the relief requested, and should dismiss this portion of the complaint.

Both the regulations and precedent of this Court dictate this result. Under FAR § 19.302, a contract award is presumed to be valid if the award was made before an appeal is filed with OHA. FAR § 19.302(g)(2). Furthermore, a ruling by

OHA received after contract award does not affect the awardee's size status for the challenged procurement but rather applies to future procurements. FAR § 19.302(i). Because the Plaintiff did not file its appeal prior to contract award, and OHA did not issue a decision before MSC awarded Presidential the contract, the award of the contract is unchallengeable on SBA size determination grounds. *Chapman Law Firm v. United States*, 63 Fed. Cl. 25, 35 (2004).

**CONCLUSION**

Intervenor Presidential Airways, Inc., respectfully requests that this Court dismiss the Plaintiff's complaint under RCFC 12(b)(6) with respect to the claims in paragraphs 34 and 35 of the complaint. In the alternative, intervenor Presidential Airways, Inc., respectfully requests that this Court to grant summary judgment under RCFC 56(b) to the Defendant with respect to claims in paragraphs 34 and 35 of the complaint.

Respectfully submitted,

/s/
David Hammond
Counsel of Record
John E. McCarthy, Jr.
Adelicia Cliffe Taylor
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Tel. (202) 624-2500
Fax (202) 628-5116

Counsel for Presidential Airways, Inc.

Dated: March 15, 2007