U.S. Small Business Administration
**SBA**
America's Small Business Resource

# Fax Transmission Cover Sheet

1-800-U ASK SBA www.sba.gov answerdesk@sba.gov

To: ______

Organization: ______

Phone: ______ Fax: ______

Date: ______ Time: ______

**From:** Pat Lee

Office: OHA

Phone: ______ Fax: ______

No. of pages (including this cover sheet) 7

**Message:** ~~to~~:
William Browder - 970-481-4719
Mitchell Morand - 404-331-2956
Cathy Stangler - 202-685-5966
Daniel Hammond - 202-628-5116
John Klein - 202-205-6873
Stephen Kong - 202-205-6846

## In fiscal 2002 the SBA --

- backed more than $17.3 billion in financing to America's small businesses.
- made nearly 22,000 disaster-recovery loans worth more than $1.3 billion.
- responded to more than 258,000 telephone, e-mail and letter requests, usually within two business days.

## The SBA vision:

### Simplification

- 24/7 access
- Straightforward answers
- Streamlined forms and processes

### Dedication

- Knowledgeable national network
- Small business solutions are our priority
- Products and services designed specifically for your business

### Innovation

- Inspiring people and utilizing technology
- Leading change on behalf of hard-working customers
- Developing workable solutions to business changes

## Did you know that America's 22.4 million small businesses --

- employ more than 51 percent of the private work force?
- generate more than 52 percent of the nation's gross domestic product?
- are the principal source of new jobs?

*NOTE: Fax machines using thermal paper produce an unstable image which will deteriorate. Copy messages onto plain paper prior to filing as a record!*

CONFIDENTIALITY NOTE: the information contained in this facsimile transmittal sheet and the document(s) that follow are for the exclusive use of the addressee and may contain information protected by the Privacy Act, 5 U.S.C. 552a, or otherwise confidential, privileged, on non-disclosable information. If the recipient of this facsimile is not the addressee or is not the person responsible for delivering this facsimile to the addressee, the recipient may violate the law by reading, photocopying, distributing or otherwise using this facsimile transmission or its contents in any way. If the recipient has received this facsimile transmission in error, call the sending office immediately.

SIZ-4833

UNITED STATES OF AMERICA
SMALL BUSINESS ADMINISTRATION
OFFICE OF HEARINGS AND APPEALS
WASHINGTON, D.C.

| | |
|---|---|
| SIZE APPEALS OF:<br><br>Geo-Seis Helicopters, Inc.<br><br>and<br><br>GCH Services, LLC, d/b/a Gold Coast Helicopters<br><br>Appellants<br><br>RE: Presidential Airways, Inc.<br><br>Solicitation No. N00033-05-R-1004<br>Department of the Navy<br>Military Sealift Command, N1021/PM1<br>Washington Navy Yard, D.C. | Docket Nos. SIZ-2006-12-21-76 (PFR)<br>SIZ-2006-11-06-64<br>SIZ-2006-11-07-67<br><br>Decided: January 25, 2007 |

APPEARANCES

Robert K. Stewart, Jr., Esq.
Davis Wright Tremaine LLP
for Appellant Geo-Seis Helicopters, Inc.

David C. Hammond, Esq.
John E. McCarthy, Jr., Esq.
Adelicia Cliffe Tayler, Esq.
Crowell & Moring LLP
for Presidential Airways, Inc.

DIGEST

An issue which an appellant has raised in its protest but has failed to raise in its appeal has been abandoned, and need not be considered in the adjudication of the size appeal.

This Office will not require an Appellant to explicitly and affirmatively abandon an issue on appeal that it raised in its protest in order to find unequivocal proof of abandonment. Rather, the failure to mention or refer to the issue in the appeal and the failure to attach or incorporate by

reference the original protest is enough to constitute unequivocal proof of abandonment of the issue.

## DECISION

HOLLEMAN, Administrative Judge:

### Jurisdiction

This appeal is decided under the Small Business Act of 1958, 15 U.S.C. § 631 *et seq.*, and 13 C.F.R. Parts 121 and 134.

## I. BACKGROUND

### A. The Original Decision

For the background on this case, please see the original decision in this case, *Size Appeals of Geo-Seis Helicopters, Inc. and GCH Services, d/b/a Gold Coast Helicopters*, SBA No. SIZ-4826 (2006) (*Geo-Seis I*).

Briefly, on May 20, 2005, the Department of Navy, Military Sealift Command, issued the subject solicitation for helicopter replenishment services. The Contracting Officer (CO) issued the solicitation as a 100% small business set-aside per Amendment 0005 and designated North American Industry Classification System (NAICS) code 481212, Nonscheduled Chartered Freight Air Transportation, with a corresponding 1,500 employee size standard, as the applicable NAICS code for this procurement.

On October 4, 2006, the CO notified the unsuccessful offerors that Presidential Airways, Inc. (Presidential) was the apparent successful offeror. Geo-Seis Helicopters, Inc. (Geo-Seis) and GCH Services, LLC. d/b/a Gold Coast Helicopters (GCH) filed size protests asserting that Presidential was other than small due to its affiliation with Blackwater USA (Blackwater).

In its protest, Geo-Seis asserted Presidential is other than small because it is affiliated with Blackwater. Geo-Seis asserted that Blackwater has a large number of personnel it classifies as independent contractors who are in fact employees and should be counted as such, and that including those personnel in Blackwater's count of employees would render Presidential other than small.

On November 2, 2006, the Small Business Administration (SBA) Area III Office of Government Contracting in Atlanta, Georgia (Area Office) issued Size Determination No. 3-2007-3-4-5, finding Presidential a small business for the above-captioned procurement, after finding that "Blackwater security contractors are not employees."

Geo-Seis and GCH both filed *pro se* appeals challenging the Size Determination. Both appeals raised the same issue, challenging the NAICS code and size standard used in the Size Determination.

Geo-Seis began its appeal stating:

> Appellant originally protested the small business size of Presidential Airways, Inc. on October 7, 2006, directly to the contracting officer of Solicitation # N00033-05-R-1004. This protest was based on the Small business Size Standard of 1500 employees set forth in the solicitation under NAISC [sic] Code number 481212 that is the correct NAISC [sic] Code for this industry title.

Geo-Seis Appeal, at 1, ¶ 1.

On November 15, 2006, this Office consolidated the appeals, and set November 30, 2006, as the date the Record would close.

On November 29, 2006, counsel for Geo-Seis filed a Notice of Appearance. On November 30, 2006, Geo-Seis filed a Motion for Extension of Time; Presidential opposed this Motion as untimely filed pursuant to 13 C.F.R. § 134.211(f). On December 1, 2006, after a telephone conference, I denied the Motion and extended the close of the Record until December 1, 2006. I also determined that the issue of whether Blackwater's contractors were to be counted as employees was not an issue in this appeal, as Appellants had not raised it in their Appeal Petitions.

On December 7, 2006, I dismissed the consolidated appeals. Both appeals were based upon challenges to the NAICS codes designation in the solicitation. As such, they were untimely NAICS code appeals and this Office was required to dismiss them. *Geo-Seis I*, at 3.

B. <u>The Petition for Reconsideration</u>

On December 21, 2006, Geo-Seis filed the instant Petition for Reconsideration (PFR) under 13 C.F.R. § 134.227(c). Geo-Seis argues that it did in fact raise the issue of the counting of contractor personnel in its appeal. Geo-Seis quotes its appeal as stating "This protest <u>was based on</u> the Small business Size of 1500 employees set forth in the solicitation under NAICS Code number 481212 that is the correct NAICS Code for this industry title." Geo-Seis asserts it made no affirmative statement abandoning the issue of whether Blackwater's contractor personnel should be counted as employees. Geo-Seis argues that, since it did not explicitly state it was abandoning the argument that Blackwater's contractors were actually employees, it cannot be held to have abandoned the argument. Geo-Seis argues that this Office's recent decision in *Size Appeal of Lance Bailey & Associates*, SBA No. SIZ-4799 (2006) (*Lance Bailey*) holds that because an Appellant does not know what evidence the Area Office used to decide its protest,

this Office will not find abandonment if an appellant reasserts or references a previous issue on appeal. Geo-Seis did not unequivocally state that it was abandoning this issue on appeal, and therefore it must be held to have preserved it.

On January 10, 2007, Presidential filed its opposition to the PFR. Presidential argues that a sentence which generally references the findings of the Area Office is insufficient to raise a particular issue not otherwise stated and supported by arguments. Presidential argues that Geo-Seis's original appeal made it clear that it was based upon the new arguments concerning the size standard. Thus, Geo-Seis failed to raise the issue of the status of Blackwater's contractor personnel, and it was not properly before this Office.

## II. DISCUSSION

Geo-Seis filed its PFR within 30 days of service of the decision, and it is thus timely. 13 C.F.R. § 134.227(c).

The standard of review for a PFR is whether the Appellant has made a clear showing that this Office based its decision upon an error of fact or law material to that decision. 13 C.F.R. § 134.227(c). That is, the PFR must support a definite and firm conviction that the Administrative Judge made an error of fact or law material to the original decision. *Lance Bailey*, at 6.

It is this Office's settled law that an issue which an appellant has raised in its protest but has failed to raise in its appeal has been abandoned, and need not be considered in the adjudication of the size appeal. 13 C.F.R. § 134.316(a); *Size Appeal of the Apex Group, Inc.*, SBA No. SIZ-4300 (1998).

In *Lance Bailey*, we expanded on the criteria for considering an issue abandoned:

> [I]f an appellant reasserts or references a previous issue on appeal (even if the appellant does not discuss it as thoroughly as in the initial protest), this Office will not find abandonment. Alternatively, if an appellant appends its protest to the appeal petition and refers to it, we will not find abandonment of issues raised therein unless the appellant says it is abandoning that issue. Thus, I hold we will not find abandonment under 13 C.F.R. § 134.316(a) absent unequivocal proof of abandonment of an issue.

*Lance Bailey*, at 8.

Here, Geo-Seis's appeal did not refer to the issue of whether Blackwater's contractor personnel were actually employees. It did not reassert its previous position on the issue. Geo-Seis did not attach a copy of its protest to its appeal, nor did it incorporate by reference the arguments in its protest. The appeal's paragraph 1, quoted above, recites the fact that it protested

Presidential's size, and states that the protest was based on the 1,500 employee size standard of NAICS code 481212. This is not an incorporation by reference of the protest, merely a recitation that it took place. There is no reference whatsoever to the argument that Blackwater's contractors should be counted as employees. The only reference to a substantive issue is to the size standard that Geo-Seis will challenge in the subsequent paragraphs of its appeal. Nowhere in Geo-Seis's appeal does it address the issue of whether Blackwater's contractors are actually employees. Geo-Seis never raised the issue, except in its untimely motion of November 30th, which I denied.

Therefore, Geo-Seis's appeal does not meet any of the criteria in *Lance Bailey* for preserving an issue on appeal. This Office will not require an Appellant to explicitly and affirmatively abandon an issue on appeal that it raised in its protest in order to find unequivocal proof of abandonment. Rather, the failure to mention or refer to the issue in the appeal, and the failure to attach or incorporate by reference the original protest is enough to constitute unequivocal proof of abandonment of the issue. Accordingly, Geo-Seis's argument that it did not abandon the issue is without merit.

Therefore, I conclude that Geo-Seis has failed to establish any clear error of law or fact in the decision in *Geo-Seis I*, and I DENY the PFR.

III. CONCLUSION

For the above reasons, the Petition for Reconsideration is DENIED and this Office's decision in *Geo-Seis I* is AFFIRMED.

This is the final decision of the Small Business Administration. *See* 13 C.F.R. § 134.316(b).

CHRISTOPHER HOLLEMAN
Administrative Judge

# CERTIFICATE OF SERVICE

I hereby certify that, on January 25, 2007, I served the foregoing, by facsimile upon the following:

William T. Browder, CEO/Presidnet
Geo-Seis Helicopters, Inc.
116 N. Racquette Drive
Fort Collins, CO 80524-2757
Fax (970) 484-4919

Mitchell Morand, Area Director
U.S. Small Business Administration
Office of Government Contracting, Area 111
233 Peachtree Street, N.E., Suite 1508
Atlanta, GA 30303
Fax (404) 331-2956

Cathy Stangler, Contracting Officer
Dept of the Navy
Military Sealift Command, N1021/PMI
914 Charles Morris Court, S.E.
Washington Navy Yard, DC 20398
Washington, DC 20210
Fax (202) 685-5966

David C. Hammond, Esq.
John E. McCarthy, Jr., Esq.
Adelicia Cliffe Taylor, Esq.
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Fax (202) 628-5116

John W. Klein, Esq.
*Assoc. General Counsel for Procurement Law*
U.S. Small Business Administration
409 Third Street, S.W.
Washington, DC 20416-0005
Fax (202) 205-6873

Stephen D. Kong
*Acting General Counsel*
U.S. Small Business Administration
409 Third Street, S.W.
Washington, DC 20416-0005
Fax (202) 205-6846

Patricia Lee

Patricia Lee
Office of Hearings and Appeals