**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| GEO-SEIS HELICOPTERS, INC., Plaintiff, | ) | |
| vs. | ) | |
| THE UNITED STATES, Defendant. | ) | Civil Action No. 07-155 C (Judge Lettow) |
| and | ) | |
| PRESIDENTIAL AIRWAYS, INC., Defendant-Intervenor. | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S SMALL BUSINESS SIZE CLAIMS OR IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. Introduction

Plaintiff Geo-Seis Helicopters, Inc. ("Geo-Seis") respectfully submits this memorandum in opposition to defendant-intervenor Presidential Airways, Inc.'s ("Presidential") Motion to Dismiss the Plaintiff's Small Business Size Claims or in the Alternative, Motion for Partial Summary Judgment ("Motion to Dismiss").

Presidential's Motion to Dismiss should be denied as to each of Geo-Seis' challenged claims. Geo-Seis' size determination claim survives because: 1) the claim was appealed to the Small Business Administration's ("SBA") Office of Hearings and Appeals ("OHA") and Geo-

Seis accordingly exhausted all administrative remedies; and 2) the claim is justiciable, either under precedents of this Court which have considered post-award size claims on numerous occasions or under the "capable of repetition, yet evading review" exception to the mootness doctrine. Similarly Geo-Seis' NAICS code claim survives because the SBA's timeliness rules are not binding on this Court.

## II. Facts

On May 20, 2005, the United States Navy, Military Sealift Command ("MSC") issued Solicitation No. N00033-05-R-1004 ("Solicitation") for Commercial Helicopter Vertical Replenishment Services. AR 179-349. MSC issued a pre-award notice on October 4, 2006 identifying Presidential as the apparent successful offeror. AR 3387. On October 7, 2006, Geo-Seis protested the determination that Presidential was a small business under the NAICS code set forth in the Solicitation. AR 3346-81. The Area III Office of the SBA issued Size-Determination No. 3-2007-3-4-5 on November 2, 2006, finding that Presidential was a small business for purposes of the solicitation. AR 3646-51. Geo-Seis immediately appealed that determination to the OHA on November 3, 2006. AR 3665-76. On November 9, 2006, MSC issued notice to Geo-Seis and other proposers that it had awarded the contract to Presidential on November 2, 2006. AR 3683-84.

Subsequent to Geo-Seis' appeal, the OHA issued three orders. On December 1, 2006, the OHA issued an Order Denying Motion for Extension of Time, which in relevant part found that Geo-Seis "did not raise the issue of the counting of the contractor personnel" on appeal and that Geo-Seis had, therefore, abandoned that issue. AR 3714-19. On December 7, 2006, the OHA issued an Order Dismissing Appeal holding that Geo-Seis' appeal was an untimely NAICS code

appeal. AR 3740-45. On January 25, 2007, OHA issued a third order denying Geo-Seis' motion for reconsideration. AR 3759-65. These OHA decisions form the basis of the two claims Presidential seeks to dismiss.

## III. Standard of Review

On a RCFC 12(b)(6) Motion to Dismiss, "[i]t is incumbent on the Court to accept all well-pleaded facts and it must draw all reasonable inferences in favor of the Plaintiff." *Client Network Servs., Inc. v. United States*, 64 Fed. Cl. 784, 790 (2005). The Court may grant a motion to dismiss only if taking all facts alleged as true the law provides no remedy. *Id.* at 789-90. Defendant's alternative motion for summary judgment may only be granted if "the moving party has proved its case as a matter of fact and law." *Comprehensive Health Servs., Inc. v. United States*, 70 Fed. Cl. 700, 722 (2006). Summary judgment is inappropriate if there is any dispute as to an issue of material fact. *Id.*

## IV. Discussion

A. Geo-Seis' Challenge to the SBA's Size Determination is Properly Before the Court.

Geo-Seis' allegation that the SBA's determination that Presidential was a small business under the 1,500 employee standard was arbitrary, capricious, an abuse of discretion and in violation of applicable law is ripe for review. Geo-Seis appeal of that issue should have been decided by the OHA on the merits. Under the SBA's own standards for abandonment, Geo-Seis did not abandon the size determination claim on appeal to OHA. Nor is the claim moot. To the contrary, this Court has considered numerous post-award complaints and the *Chapman Law Firm v. United States*, 63 Fed. Cl. 25 (2004) decision upon which Presidential relies has subsequently been applied only narrowly. Furthermore, even were Geo-Seis' claim otherwise

non-justiciable, it fits within the "capable of repetition, yet evading review" exception to the mootness doctrine. As such, Presidential's motion to dismiss, or in the alternative for partial summary judgment, must be denied. This Court should remand that claim to the OHA with instructions to decide Geo-Seis' size appeal on the merits. *PGBA, LLC v. United States*, 60 Fed. Cl. 196, 204 n.11 (2004) (disputes of fact that "have remained undecided, and, if material to the outcome upon application of the arbitrary-and-capricious standard, would be the subject of a remand by this Court to the agency.").

1. *Geo-Seis did not abandon its claim that Presidential failed to meet the Solicitation's 1,500 employee size standard and accordingly Geo-Seis exhausted all available administrative remedies.*

Geo-Seis did not waive the issue of whether Presidential met the Solicitation's 1,500 employee size standard in its appeal to the OHA. Geo-Seis stated in its timely appeal that "This protest <u>was based on</u> the Small business Size of 1500 employees set forth in the solicitation under NAICS Code number 481212 that is the correct NAICS Code for this industry title." AR 3665. Geo-Seis made no affirmative statement abandoning the "counting of the contractor personnel" issue.

That statement was sufficient to preserve the "counting of the contractor personnel" issue on appeal to the OHA. In its recent decision on this same question of abandonment, the OHA made it clear that "we will not find abandonment under 13 C.F.R. § 134.316(a) absent unequivocal proof of abandonment of an issue." *Size Appeal of Lance Bailey & Assoc., Inc.*, SBA No. SIZ-4799, at 8 (July 13, 2006). In evaluating whether an appellant has abandoned an issue, OHA will not find abandonment "if an appellant reasserts <u>or references</u> a previous issue on appeal." *Id.* (emphasis supplied).

The policy rationale for those rules is found in the recognition that protestors are substantially handicapped in framing issues on appeal because they do not have access to the full record before the SBA's Area Office which forms the basis for the protest decision in a size protest.

> The nature of the protest process is that the information available to the protestor/appellant is necessarily less than the information available to the area office and the protested concern due to the need to protect privacy and competitive information. Simply put, unlike what would be true before a typical tribunal, <u>the appellant does not know what evidence the Area Office used to decide its protest</u>.

*Id.* (emphasis supplied).

In light of the purpose of the SBA's regulations, to "ensure only qualified firms are eligible for Government procurements for which status is required or advantageous," and that inequality in information, the OHA has concluded that "it is imperative that we be certain that abandonment has occurred before we find it." *Id.*

In this case, Geo-Seis referenced the "counting of the contractor personnel" issue in its appeal. As importantly, it did not unequivocally state that it was abandoning that issue. *See id.*; *compare Size Appeal of Fort Carson Support Serv.*, SBA No. SIZ-4740 (2005) (appellant expressly abandoned the basis of its protest).

Accordingly, under the SBA's own standards, Geo-Seis did preserve the question of Presidential's failure to meet the size standard on appeal. As such, Geo-Seis exhausted all available administrative remedies. Geo-Seis should not now be prejudiced by the SBA's failure to observe its own standards of abandonment and properly consider the size determination issue.

2. *Geo-Seis' allegation that the SBA's size determination was arbitrary, capricious, an abuse of discretion and in violation of applicable law is justiciable.*

This Court has considered post-award protests on numerous occasions. *See e.g. LB&B Assoc. Inc. v. United States*, 68 Fed. Cl. 765, 770-71 (2005) (finding post-award size determination appeal justiciable); *Client Network Servs.*, 64 Fed. Cl. at 787-89 (2005) (same); *Mark Dunning Indus., Inc. v. United States*, 64 Fed. Cl. 374, 377 (2005) (post-award HUBZone determination appeal justiciable). While Presidential relies on *Chapman* for the proposition that Geo-Seis' size determination appeal is non-justiciable, Motion to Dismiss at 9, this Court has subsequently applied *Chapman* narrowly. On the facts of the present matter, *Chapman* will not bar this Court's consideration of Geo-Seis' size determination appeal.

In *Chapman*, this Court held that the award of a contract was unchallengeable on size determination grounds where the plaintiff filed its protest a full fourteen days after the SBA Area Office had issued its size determination and ten days after the procuring agency had awarded the contract. *Chapman*, 63 Fed. Cl. at 35 (2004). The *Chapman* court relied on FAR § 19.302(g)(2) for the proposition that a remand to OHA to reconsider a size determination could not affect the contract award and, therefore, the court could not supply the requested relief. *Id.*

Subsequent decisions of this Court have declined to extend *Chapman* beyond its narrow facts. For example, in *Client Network Servs.* the Court declined to dismiss a post-award size determination protest where the plaintiff filed an appeal with the OHA seven days after receiving the Area Office size determination. *Client Network Servs.*, 64 Fed. Cl. at 788. The procuring agency awarded the contract while OHA's decision was pending, but the Court nevertheless declined to apply the post-award reasoning of *Chapman* prior to receiving the OHA decision. *Id.* The Court reasoned that the differing timelines of the respective appeals in *Chapman* and *Client*

*Network Servs.* meant that the *Chapman* decision would not bar the Court's consideration of the claims in the case before it. *Id.* at 788.

For similar reasons, *Chapman* does not require dismissal of Geo-Seis' size protest. Geo-Seis filed its appeal to OHA immediately upon receiving the Area Office size determination, only one day after OHA filed its decision and six days prior to receiving notice of the contract award.

Furthermore, *Chapman* disregards the flexibility a procurement officer has when faced with a post-award decision by OHA. *Chapman* reasoned that this Court could not grant any relief after award of a contract because of the presumption of validity FAR § 19.302(g)(2) creates in any contract awarded before an appeal. *Chapman*, 63 Fed. Cl. at 34-35. However, a procurement officer has the discretion to apply an OHA decision issued post-award. 13 C.F.R. § 121.1009(g)(3). That discretion is itself subject to judicial review. *Client Network Servs.*, 64 Fed. Cl. at 789. Accordingly, this Court can grant relief in this or any other post-award size determination protest. A remand to OHA to properly consider Presidential's size would result in a post-award decision that the procurement officer could apply and indeed must apply if to do otherwise would be arbitrary, capricious, or an abuse of discretion. *Id.*

3. *Even were Geo-Seis' size determination protest otherwise non-justiciable, this case fits into the "capable of repetition, yet evading review" exception and is accordingly properly before this Court.*

Courts recognize an exception to mootness where a case is "in its duration . . . too short to be fully litigated prior to its cessation or expiration," and there is a "reasonable likelihood that the party will again suffer the injury that gave rise to the suit." *The Humane Soc'y of the U.S. v. Clinton*, 236 F.3d 1320, 1331 (Fed. Cir. 2001) (internal citations and quotations omitted). This

Court has previously recognized that the exception should apply to size determination claims raised after award of a contract because the procuring officer can always award the contract prior to the filing of an appeal and preclude meaningful of SBA administrative decisions. *LB&B Assoc. Inc. v. United States*, 68 Fed. Cl. 765, 771 n.2 (2005).

There is no clearer example of the certainty of precluding review than that shown by the circumstances of this case. The SBA Area Office issued its size determination on November 2, 2006. Geo-Seis filed its appeal to OHA one day later on November 3, 2007. Under the standard advanced by Presidential, a one day turn around takes one day too long. The procuring agency awarded the contract on the same day the SBA issued its determination. AR 581. Under Presidential's view, that action would make all further review of the Area Office size determination automatically moot. Because the procuring officer can always award the contract that quickly, a disappointed proposer would never be able to file an effective appeal in time and the SBA's size determinations would inevitably evade review. Accordingly, the "capable of repetition" exception applies and this Court should consider Geo-Seis' size determination appeal.

B. <u>Geo-Seis' challenge to the NAICS code designation in the Solicitation is also properly before this Court because the SBA's timeliness rules are not binding on this Court</u>.

Geo-Seis' allegation that MSC's inclusion of the wrong NAICS code in the Solicitation was arbitrary, capricious, an abuse of discretion and in violation of applicable law is also properly before the Court. There is no basis from which to bar review of Geo-Seis' NAICS code challenge. SBA's internal time limitations do not strip this Court of its jurisdiction.

This Court has recognized that GAO timeliness rules do not bind the Court. *See Wit Assocs., Inc. v. United States*, 62 Fed. Cl. 657, 661 (2004) ("[S]imply put, there is no callus bridge between the scion of this Court's bid protest regime and the stock of the limitations the

GAO has imposed upon itself."); *Rotech Healthcare Inc. v. United States*, 71 Fed. Cl. 393, 404-05 (2006) (finding GAO timeliness rules not binding on the court). Indeed, "[t]he court, unlike the GAO, must be particularly careful to apply the [timeliness] rule in exceptional circumstances only, given its tension with Congress' express grant of jurisdiction to entertain bid protests filed both before and after contract award." *Id.* at 405.

The same tension recognized between administrative timeliness rules and congressionally established jurisdiction in the context of GAO's rules exists in the context of SBA protests. The Tucker Act grants jurisdiction in both cases. 28 U.S.C. § 1491(b); *see also Rotech Healthcare Inc.*, 71 Fed. Cl. at 399-400 (finding jurisdiction over an appeal from a GAO decision under the Tucker Act); *Client Network Servs.*, 64 Fed. Cl. at 788 (finding jurisdiction over an appeal from a SBA decision under the Tucker Act). Where this Court may freely apply standards differing from the GAO's timeliness rules, so should the Court freely apply standards differing from SBA timeliness rules.

This Court should find that the OHA wrongfully dismissed Geo-Seis' NAICS code appeal and it should remand that matter to the OHA with instructions to decide that issue on the merits. *See Rotech Healthcare, Inc.*, 71 Fed. Cl. at 430-31 (holding appropriate resolution is to return to agency to conduct a resolicitation consistent with non-manufacturer rule).

**V. Conclusion**

Presidential has failed to establish that Geo-Seis has no remedy at law for either its size determination or NAICS code claims. Furthermore, Presidential has not established that it prevails as a matter of law on either the size determination or NAICS code claims. For these reasons, Presidential's Motion to Dismiss must be denied.

Dated this 16th day of April, 2007.

Davis Wright Tremaine LLP
Attorneys for Plaintiff
Geo-Seis Helicopters, Inc.

By:___/s/ Robert K. Stewart, Jr.________

Robert K. Stewart, Jr.
701 W 8th Avenue, Suite 800
Anchorage, Alaska 99501
Phone: (907) 257-5300
Fax: (907) 257-5399
bobstewart@dwt.com
Alaska Bar No. 8506082

**CERTIFICATE OF FILING**

I hereby certify that on April 16, 2007, a copy of the foregoing Memorandum in Opposition to Defendant's Motion to Dismiss the Plaintiff's Small Business Size Claims or in the Alternative, Motion for Partial Summary Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Robert K. Stewart, Jr.